**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CARMELO LOPEZ-MALDONADO,**

    **Plaintiff,**

v.                                                            **CASE NO.:**

**INFRA-METALS CO.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CARMELO LOPEZ-MALDONADO, by and through his undersigned counsel, brings this action against Defendant, INFRA-METALS CO., and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, within the Middle District.

**PARTIES**

3. Plaintiff is a resident of Hillsborough County, Florida, and he worked in Hillsborough County for Defendant.

4. Defendant operates a business as a structural steel service provider and has an office and place of business located in Tampa in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5.  This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6.  At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

7.  Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8.  Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9.  Plaintiff has satisfied all conditions precedent, or they have been waived.

10.  Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11.  Plaintiff requests a jury trial for all issues so triable.

## FACTS

12.  Plaintiff began working for Defendant in or around 2018 as a crane operator.

13.  At all times relevant to this complaint, Plaintiff suffered from a serious injury that qualifies as a serious health condition within the meaning of the FMLA. Specifically, Plaintiff suffered and continues to suffer from complications of a back injury he sustained due to a prior accident.

14.  Between March 26, 2019 and April 1, 2019, and again from April 2, 2019 through April 9, 2019, Plaintiff was off from work due to his back injury. During this time period, Plaintiff provided Defendant with documentation from his physician notifying them that he was

under a doctor's care and excusing Plaintiff from work on those dates. Plaintiff also informed Defendant that his absences were due to his injured back.

15. On or around March 27, 2019, Defendant gave Plaintiff the proper forms to take to his physician so that Plaintiff could request protected leave under the FMLA to cover prior and future absences related to his back injury.

16. Around March 27, 2019, Plaintiff gave his physician the FMLA paperwork to complete on his behalf.

17. On April 10, 2019, before Plaintiff's physician was able to complete and return Plaintiff's FMLA forms to Defendant, Plaintiff's employment was terminated for absences that should have been protected by the FMLA.

18. Plaintiff exercised his rights under the FMLA by applying for protected leave under the FMLA.

19. By terminating Plaintiff's employment for his FMLA protected absences, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as fully set forth herein.

21. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

22. By terminating Plaintiff's employment for his absences which should have been protected by the FMLA, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

23. Defendant's actions were willful and done with malice.

24. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 (a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

 (b) An injunction restraining continued violation of the FMLA by Defendant;

 (c) Compensation for lost wages, benefits, and other remuneration;

 (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

 (e) Front pay;

 (f) Liquidated Damages;

 (g) Prejudgment interest on all monetary recovery obtained;

 (h) All costs and attorney's fees incurred in prosecuting these claims; and

 (i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

25. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint, as fully set forth herein.

26. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

27. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

28. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of May, 2019.

Respectfully submitted,

*/s/ Luis A. Cabassa*

_____

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**